IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JACK L. SLINGER,  )
    Plaintiff,  )
  ) NO. 3:17-cv-00723
v.  ) JUDGE RICHARDSON
  )
THE PENDAFORM COMPANY,  )
  )
    Defendants.  )

## MEMORANDUM OPINION AND ORDER

In this case, Plaintiff claims that under the terms of his employment agreement with Defendant ("Employment Agreement"), Defendant owes him severance pay after terminating him from his employment as CEO and President of Defendant. Under the Employment Agreement, Plaintiff would receive twelve months of pay as severance if he was terminated without cause. One way Plaintiff could be fired for cause rather than without cause—and thus receive no severance—was by violating a non-solicitation clause set forth in subparagraph 7(d) of the Employment Agreement ("Non-Solicitation Clause"), comprised of the bolded language below

> (d) Non-Solicitation. ***Executive will not directly or indirectly at any time during the period of Executive's employment or for a period of two (2) years thereafter, attempt to disrupt, damage, impair or interfere with the Company's Business by raiding any of the Company's employees or** soliciting any of them to resign from their employment by the Company*, or by disrupting the relationship between the Company and any of its consultants, agents, representatives or vendors. Executive acknowledges that this covenant is necessary to enable the Company to maintain a stable workforce and remain in business.

(Doc. No. 1-1 at 19 & Trial Ex. 1 (joint)) (emphasis added). According to Defendant, this is exactly what happened: Plaintiff was fired for cause, *i.e.*, his violation of the Non-Solicitation Clause, in particular the aspects of it set forth in italics above. Ergo, according to Defendant, Plaintiff is not

1

entitled to severance pay. Plaintiff responds that he did not violate the Non-Solicitation Clause and that in any event the Non-Solicitation Clause is unenforceable and thus offers no defense to his claim for severance pay.[1]

PROCEDURAL POSTURE

This case was reassigned to the undersigned after a one-day bench trial before District Judge William L. Campbell, Jr., but before Judge Campbell had issued findings of fact and conclusions of law pursuant to Rule 52. The Court (with the undersigned now presiding) has ordered that it will receive testimony from Plaintiff and from defense witness David Kreuger, each of whom testified at the prior bench trial, to help the undersigned make credibility assessments with respect to these witnesses. (Doc. No. 108). However, the Court has committed to deciding, prior to the receipt of such testimony, an issue of law directly relevant to Defendant's defense in this case: the enforceability of the Non-Solicitation Clause.[2] Herein, the Court does exactly that, concluding that under applicable law (Wisconsin law, as both parties agree), the Non-Solicitation Clause is unenforceable and thus offers Defendant no defense to Plaintiff's claim.

---

[1] As the Court previously has noted, (Doc. No. 105), it is proceeding as if Plaintiff's claim is currently being pursued exclusively under the rubric of Count II of the Complaint, which asserts a straightforward claim of breach of contract (the Employment Agreement). (Doc. No. 1-1 at 11-12).

[2] The Court is aware that Defendant, in an argument to which Defendant ascribes real consequence, disputes that the issue here is actually the "enforceability" of the Non-Solicitation Clause. (Doc. No. 109 at 1). Defendant seems to suggest that, properly couched, the issue is the "validity" of the Non-Solicitation Clause. The Court understands the gist of the distinction Defendant is trying to make; the Court grants Defendant that it is one thing to say that a contract clause can be "enforced" in the sense of being used by a company to seek affirmative relief against an employee, and it is another to say that a contract clause can be invoked by a company as a defense to claims brought by the employee. But this is a distinction without a difference here, for the reasons set forth in the cogent analysis on this issue provided by Plaintiff, (Doc. No. 112 at 3-4), which the Court adopts. Accordingly, the Court generally refer to the issue in the terms of "enforceability."

2

ANALYSIS

Plaintiff argues that the Non-Solicitation Clause is unenforceable under Wis. Stat. § 103.465, properly construed. To support its asserted interpretation of Wis. Stat. § 103.465, Plaintiff draws upon Wisconsin case law, primarily *Manitowoc Co. v. Lanning*, 379 Wis. 2d 189, N.W.2d 130 (2018). Defendant takes a different tack, starting its analysis with *Manitowoc Co.*, arguing that *Manitowoc Co.*

> is not controlling for two reasons. First, the facts are fundamentally different. Second, because of those different facts, the Wisconsin statute does not apply to this case and even if it did the policy basis for the court's application of the statute does not exist in this case.

(Doc. No. 109 at 3). In other words, Defendant appears to suggest that the Court first look at *Manitowoc Co.* and then either: (i) find *Manitowoc Co.* sufficiently factually distinguishable from the present case to render Wis. Stat. § 103.465 categorically inapplicable to this case; or, (b) if the Court does not find Wis. Stat. § 103.465 inapplicable to the present case based on the factual differences as a whole between *Manitowoc Co.* and the present case, it nevertheless should find Wis. Stat. § 103.465 inapplicable based on the inapplicability of *Manitowoc Co.*'s policy rationale to the present case. Although the Court is not entirely clear about the nature of the distinction Defendant attempts to make here, it appears to be an asserted difference between (i) *Manitowoc Co.* being inapplicable due to its having a factual context as a whole that differs from the factual context in this case; and (ii) *Manitowoc Co.* alternatively being inapplicable due to a more narrow and particular difference between the two cases, *i.e.*, *Manitowoc Co.* having a policy rationale that is inapplicable to the present case. In any event, Defendant suggests looking first to the applicability of *Manitowoc Co.* and then, based on such applicability (or lack thereof), decide the applicability of Wis. Stat. § 103.465.

The Court however, believes it more logically sound to take a different approach, one consistent with Plaintiff's approach. Since the ultimate question here is the applicability of Wis. Stat. § 103.465 rather than the applicability of *Manitowoc Co.*, the Court will frame the issue from the outset as whether Wis. Stat. § 103.465 is applicable here—and in so doing will in turn consider the applicability of *Manitowoc Co.* on that issue and rely on *Manitowoc Co.* (to the extent that it is applicable) in interpreting Wis. Stat. § 103.465. If the Court concludes that the statute, properly interpreted, applies to the Non-Solicitation Clause, then the Court will determine whether the requirements of the statute have been satisfied such that the Non-Solicitation Clause is enforceable.

Finally, the Court will address Defendant's argument that Plaintiff waived any challenge to the enforceability of the Non-Solicitation Clause.

I. <u>The Non-Solicitation Clause is Unenforceable under Wisconsin law.</u>

*1. Wis. Stat. § 103.465 is Applicable to the Non-Solicitation Clause.*

The statute at issue here provides:

> A covenant by an assistant, servant or agent not to compete with his or her employer or principal during the term of the employment or agency, or after the termination of that employment or agency, within a specified territory and during a specified time is lawful and enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal. Any covenant, described in this section, imposing an unreasonable restraint is illegal, void and unenforceable even as to any part of the covenant or performance that would be a reasonable restraint.

Wis. Stat. § 103.465.

The question is whether the statute applies to the Non-Solicitation Clause. That's where *Manitowoc Co.* comes in. There the Wisconsin Supreme Court—for reasons not material herein except to the extent alluded to intermittently below—"conclude[d] that the nonsolicitation of

4

employees provision at issue is a restraint of trade governed by Wis. Stat. § 103.465." *Manitowoc Co.*, 379 Wis. 2d at 210, 906 N.W.2d at 140.[3]

Such conclusion does not automatically entail that *every* non-solicitation provision—or that the Non-Solicitation Clause in particular—is governed by Wis. Stat. § 103.465.[4] But ultimately it inexorably leads the Court to find that the Non-Solicitation Clause is governed by Wis. Stat. § 103.465. In arriving at the conclusion it reached, the court in *Manitowoc Co.* invoked as persuasive authority decisions from other jurisdictions that have "interpret[ed] non-solicitation of employees provisions" and "have determined that similar nonsolicitation of employees provisions constitute restraints of trade." *Id.* at 209-210, 906 N.W.2d at 140. The court did not

---

[3] The court so concluded in part because the court's prior "cases reveal that § 103.465 has been applied to provisions that constitute restraints of trade other than traditional covenants not to compete." *Manitowoc Co.*, 379 Wis. 2d at 203, 906 N.W.2d at 137. This reason is interesting, though not truly germane to the Court's analysis herein, because by its terms the statute does not apply to "restraints of trade" generally or even to "restraints" generally. Indeed, the statute does not even refer to "restraint[s] of trade," and its reference to "restraints" does not suggest general applicability to "restraints." Instead, the first sentence of the statute specifies its applicability in terms only of "covenant[s] . . . not to compete," and its second sentence—the only one referring to "restraint[s]"—specifies its applicability in terms only of "covenant[s], described in this section, imposing an unreasonable restraint." Nevertheless, the court in *Manitowoc Co.* construed Wis. Stat. § 103.465 as applicable to restraints of trade generally, even if such restraint was not from a covenant not to compete, which would appear to be the only covenant "described in this section." Notably, the court's rationale was not that a non-solicitation provision was a "covenant not to compete" within the meaning of Wis. Stat. § 103.465, but rather that a non-solicitation provision is a "restraint [of trade]" within the meaning of the statute and that the statute applied to other kinds of restraints of trade beyond covenants not to compete—including, according to *Manitowoc Co.*, non-solicitation provisions.

[4] As suggested in the footnote above, it appears that under *Manitowoc Co.* if a provision is covered by Wis. Stat. § 103.465, then the provision necessarily is considered a kind of restraint of trade. Thus, there is no difference being saying that a provision is a restraint of trade covered by Wis. Stat. § 103.465 and saying simply that the provision is covered by Wis. Stat. § 103.465. Accordingly, except when quoting the Wisconsin Supreme Court, the Court herein generally will use the latter, shorter terminology.

5

seem concerned about just how similar the non-solicitation provisions in those cases were to the particular one the court was confronting; instead, the court implied those cases were instructive because they involved provisions falling into the general category of non-solicitation provisions.[5] For this reason alone, the Court is confident that the Wisconsin Supreme Court would apply Wis. Stat. § 103.465 to the Non-Solicitation Clause. But to the extent that the Wisconsin Supreme Court would limit the applicability of Wis. Stat. § 103.465 to only a particular kind of non-solicitation provisions, *Manitowoc Co.* makes clear what it is, in the following passage:

---

[5] Even if Wis. Stat. § 103.465's applicability to the Non-Solicitation Clause did require the Non-Solicitation Clause to be "similar" to the non-solicitation provision at issue in *Manitowoc Co.*, the Court believes the two would qualify as "similar." The undersigned would be the first to admit, and has actually stressed in the past, that the very notion of "similar" is a subjective one, as "similar" is a concept the exists along a continuum of non-factual concepts running between what is typically called the "same" and what is typically called "different." *See* Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41, 70 (1995). But the two non-solicitation provisions here would be, in the Court's view, quite "similar" by any measure. Each had no geographic limitation and, as mentioned below, a materially identical temporal scope. And the substantive language itself surely would qualify as "similar"; in *Manitowoc Co.*, the employee promised that he would not "solicit, induce or encourage any employee(s) to terminate their employment with Manitowoc [the employee's employer]," 379 Wis. 2d at 202, 906 N.W.2d at 136, while Plaintiff promised to refrain from "soliciting any of [Defendant's employees] to resign from their employment by the Company." (Doc. No. 1-1 at 19). Notably, in both cases, the promise not to solicit termination of employment was phrased as a stand-alone promise, one that existed independent from any promise not to raid the employer's employees and irrespective of whether such raiding was the motivation for the solicitation.

One difference between the two cases is that in *Manitowoc Co.*, the employment agreement provided specific alternative definitions for "solicit," all of which related to raiding the employer's employees. 379 Wis. 2d at 202–03, 906 N.W.2d at 136. It seems indisputable that none of these definitions describe what Plaintiff did here. But the (sub)definitions in *Manitowoc Co.* were not exclusive and did not serve to limit (rather than merely elaborate on) the overarching definition of "solicit." *See id.* Thus, Plaintiff is off base, though not to its ultimate detriment, to the extent he asserts that the alternative definitions in *Manitowoc Co.* resulted in a definition of "solicit" there that was narrower than the definition of "solicit" for purposes of the Non-Solicitation Clause.

But in any event, even if "solicitation" in *Manitowoc Co.* had been limited to just raiding-related contexts, that would not help Defendant; it would merely highlight the fact that that non-solicitation provision in *Manitowoc Co.*, like the Non-Solicitation Clause, encompassed the kind of anti-competitive activity that prompted *Manitowoc Co.*'s holding that such a non-solicitation provision is a restraint of trade and thus is subject to Wis. Stat. § 103.465.

6

> In the instant case, the effect of Lanning's non-solicitation of employees provision is clear. The provision restricts one form of competition with Manitowoc Company. It restricts Lanning (and any employee of Manitowoc Company) from freely competing against Manitowoc Company in the labor market by insulating any Manitowoc Company employee from Lanning's solicitations.

*Id.* at 208–09, 906 N.W.2d at 139. In other words, Wis. Stat. § 103.465 applies (at least) to a non-solicitation provision that insulates the employer from its (former) employee's solicitations of the employer's employees. This well may actually describe *all* provisions typically described as a non-solicitation provision, but this description certainly encompasses the Non-Solicitation Clause.

As suggested above, Defendant's argument to the contrary is somewhat indirect; it is primarily an attack on the applicability of *Manitowoc Co.* to this case and only secondarily an attack on the applicability to this case of Wis. Stat. § 103.465 (which is inapplicable, according to Defendants, due to the inapplicability of *Manitowoc Co.*). But in the Court's view, this argument is backwards; one instead should ask whether Wis. Stat. § 103.465 is applicable and, to answer that question, seek guidance from *Manitowoc Co.*. And *Manitowoc Co.* makes clear that the statute applies to non-solicitation provisions like the Non-Solicitation Clauses.

Defendant does not ever really give any reason why the straightforward construction *Manitowoc Co.* places on Wis. Stat. § 103.465—that non-solicitation provisions not materially distinguishable from the Non-Solicitation Clause—is inapplicable in the present case. To the extent Defendant gives a reason, it is a roundabout one that seemingly goes something like this: *Manitowoc Co.* is factually distinct from the present case, in terms of the facts and the policy interests at stake, because it involved (a) not mere solicitation of resignation but rather "raiding," *i.e.*, solicitation of the employer's employees by a *former* employee seeking to recruit them to work for his *new* employer, rather than (as in the present case) a then-current employee soliciting mere resignation without any "raiding" motive; and (b) "offensive" rather than "defensive" use of

7

the non-solicitation clause, *i.e.*, an employer seeking to "enforce" the non-solicitation provision affirmatively by seeking damages against the former employer, rather than (as in the present case) an employer merely invoking the non-solicitation provision to defend itself from claims brought by the (now-former) employee.

But these are red herrings, ones that would entice the Court to incorrectly focus on the entire factual background surrounding the case, rather than solely on the terms of the non-solicitation provision here at issue as is clearly required under *Manitowoc Co.*. *Manitowoc Co.* consistently discussed the applicability of a non-solicitation provision exclusively in terms of the *provision itself*, without any reference to such applicability turning on the manner or context in which the provision was actually allegedly violated by the employee or thereafter invoked by the employer. And as indicated above in a footnote, the provision in *Manitowoc Co.* has, by any measure, great similarity with the Non-Solicitation Clause. For example, by their terms each of them contained a stand-alone promise not to solicit termination of other employees' employment that existed independent from any promise not to raid employees and without respect to whether such raiding was the motivation for the solicitation; in assessing the applicability of the statute, what matters is such *similarity in terms*—and not differences in underlying circumstances such as the fact that Plaintiff, unlike the employee in *Manitowoc Co.*, is not alleged to have solicited resignations *in order to raid*.

Defendant's approach here thus incorrectly suggests that there is something more to *Manitowoc Co.*, with respect to the present case, than the simple lesson it teaches: non-solicitation clauses like the one at issue in the present case are within the scope of Wis. Stat. § 103.465. The Court sees nothing in *Manitowoc Co.* that makes its holding any narrower, or any more case specific, than that. And there is certainly nothing that directs a court, when determining whether a

8

Case 3:17-cv-00723   Document 113   Filed 10/13/20   Page 8 of 18 PageID #: 1976

non-solicitation provision is subject to Wis. Stat. § 103.465, to do what the Court perceives Defendant in essence to propose: ignore the breadth of the Non-Solicitation Clause as written and instead focus on the narrowness of a hypothetical non-solicitation provision drafted no broader than necessary to cover the employee's alleged conduct in the case at hand.

Arguing otherwise, Defendant implies (consistent with the above-described red herrings it has deployed), that: (1) the non-solicitation provision in *Manitowoc Co.* was held unenforceable *only* because it involved the former employee's attempt to raid his former employer's (*i.e.,* Manitowoc Co.'s) employees; and (2) that where such attempts are not involved, *Manitowoc Co.* has nothing to say about the enforceability of the non-solicitation clause at issue. (Doc. No. 109 at 5). For these implications, Defendant cites 379 Wis. 2d at 203 and 379 Wis. 2d at 210. (*Id.*). Respectfully, the Court sees absolutely nothing on those pages to support such implications. To the extent that there is anything on those pages suggesting that *Manitowoc Co.* is confined to its own facts, it is the court's framing of its holding in terms of the specific non-solicitation provision at issue there. *See Manitowoc Co.*, 379 Wis. 2d at 210, 906 N.W.2d at 140 (stating "conclu[sion] that the nonsolicitation of employees provision at issue is a restraint of trade governed by Wis. Stat. § 103.465."); *id.* (stating "conclu[sion] that Wis. Stat. § 103.465 applies to [the defendant's] non-solicitation of employees provision"). But as noted above, the court clearly implied that it was embracing the applicability of Wis. Stat. § 103.465 to non-solicitation provisions generally, or at the very least to non-solicitation provisions "similar" to the one there at issue—which would include the Non-Solicitation Clause.

None of this is to dispute that in finding such non-solicitation clauses a "restraint [of trade]" and thus subject to Wis. Stat. § 103.465, the Wisconsin Supreme Court relied on the fact that non-solicitation provisions like the one in *Manitowoc Co.* have the effect of restricting competition by

9

competitors for employees. This indeed is one of the reasons why the court found that clauses like the one in *Manitowoc Co.* constitute restraints of trade. But the court was focused on whether the non-solicitation provision *as written* would have such an effect—not on whether such an effect would flow considering how the provision was allegedly violated by the employee, or on why the provision was being invoked in the litigation, in the particular case at hand.

So to summarize, the Non-Solicitation Clause is "governed by Wis. Stat. § 103.465." *Manitowoc Co.*, 379 Wis. 2d at 210, 906 N.W.2d at 140. So the next question is "whether [it] is enforceable under § 103.465." *Id.*

> 2. *The Non-Solicitation Clause fails to satisfy multiple prerequisites for its enforceability under Wis. Stat. § 103.465 and thus is unenforceable.*

As noted by the Wisconsin Supreme Court, where (as here) Wis. Stat. § 103.465 is applicable, it "establish[es] five prerequisites that a restrictive covenant must meet in order to be enforceable." *Manitowoc Co.,* 379 Wis. 2d at 211, 906 N.W.2d at 140 (quoting *Star Direct, Inc. v. Dal Pra*, 319 Wis. 2d 274, 288, 767 N.W.2d 898, 905 (2009)). As summarized by the court in *Manitowoc Co.*:

> The five "prerequisites" that must be met are as follows. The restraint must:
>
> > (1) be necessary for the protection of the employer, that is, the employer must have a protectable interest justifying the restriction imposed on the activity of the employee;
> >
> > (2) provide a reasonable time limit;
> >
> > (3) provide a reasonable territorial limit;
> >
> > (4) not be harsh or oppressive as to the employee; and
> >
> > (5) not be contrary to public policy.

379 Wis. 2d at 211, 906 N.W.2d at 140 (citing *Star Direct*, 319 Wis. 2d 274, 767 N.W.2d 898). Notably, as indicated, these five items are not *factors*, but rather *prerequisites*. This distinction

10

between factors and prerequisites (requirements) is a very real one, as the undersigned, taking his cue from the Sixth Circuit, previously has noted. *Memphis A. Phillip Randolph Inst. v. Hargett*, No. 3:20-CV-00374, 2020 WL 5095459, at *3 (M.D. Tenn. Aug. 28, 2020) (Richardson, J.) (noting that the four factors of the preliminary injunction test generally "are 'factors to be balanced, not prerequisites to be met'") (quoting *Michael v. Futhey*, No. 08-3922, 2009 WL 4981688, at *17 (6th Cir. Dec. 22, 2009) (quoting *Six Clinic Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997))). And as the undersigned has previously noted in some detail, the distinction can be quite consequential; although it is not fatal for a party to be unable to show that a particular *factor* cuts in its favor, it is fatal for a party to be unable to show a *prerequisite* it bears the burden of showing. *See* Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41, 84 (1995). Defendant at one point indicates a seeming awareness that these five circumstances are prerequisites, by acknowledging that a provision within the scope of Wis. Stat. § 103.465 "must" reflect each of these five circumstances. (Doc. No. 111 at 3). But elsewhere Defendant refers to them incorrectly as "factors" to be "weigh[ed]." (*Id.* at 3, 4). In so doing, Defendant misperceives the gravity of its situation. It *must* establish *all five* circumstances,[6] or else the Non-Solicitation Clause is unenforceable; contrary to Defendant's suggestion, (*id.* at 3), it is not enough that the "totality of the circumstances"—or the factors as a whole—indicate that the Non-Solicitation Clause is reasonable.

---

[6] To be clear, Defendant does not expressly rely on the principle that it can prevail despite coming out on the short end of a particular factor. Indeed, Defendant claims that all five circumstances *are* present, as discussed further below. And Defendant does not expressly raise the possibility that one of the circumstances might be absent, let alone argue further that the such absence can be adequately compensated for by a sufficiently strong showing as to the other four circumstances. But such an approach would be possible under the "weighing" approach Defendant suggests. And that is why it is crucial for the Court to point out that under Wisconsin law, it cannot use a weighing approach but rather must insist upon Defendant showing all five circumstances because they are *prerequisites*, not factors.

11

And it is clear who bears the burden with respect to the five prerequisites here. It is Defendant's burden to show that they all are—every one of the five is—satisfied, and not Plaintiff's burden to disprove that at least one is not satisfied. As the Wisconsin Supreme Court put it:

> If [the] non-solicitation of employees provision fails to satisfy even one of these "prerequisites," the entire non-solicitation of employees provision is invalid. By enacting Wis. Stat. § 103.465, the legislature made a policy choice to place the burden of drafting a reasonable restrictive covenant on the employer, who often wields greater bargaining power and is generally in a better position to show that a restraint is no broader than is necessary to protect the employer's business.

*Manitowoc Co.,* 379 Wis. 2d at 211–12, 906 N.W.2d at 141. And Defendant does not even attempt to *show* that each and every one of the five prerequisites is satisfied in this case. Instead, Defendant merely states in conclusory fashion that all five factors "weigh in favor of this Court . . . upholding the validity of the" Non-Solicitation Clause. (Doc. No. 111 at 3). This statement is not only misleading to the extent it suggests that there are five "factors" and not five requirements, but it is also unsupported. Defendant does not even bother addressing all five prerequisites. For this reason alone, Defendant fails to meet its burden.

But in any event, Defendant never stood any real chance of satisfying all five. In reaching this conclusion, the Court first notes that it should not limit its inquiry to the particular circumstances in which the alleged violation of the Non-Solicitation Clause occurred. Instead, its inquiry must be directed to the Non-Solicitation Clause in all of its breadth. In other words, when applying the five prerequisites, a court must not take an essentially "as applied" approach, asking whether the five prerequisites are satisfied *considering the particular context or way* in which the employee allegedly violated, or the employer seeks to invoke, the non-solicitation provision. This is clear from the last sentence of the statute. *See* Wis. Stat. § 103.465 ("Any covenant, described in this section, imposing an unreasonable restraint is illegal, void and unenforceable even as to any

12

part of the covenant or performance that would be a reasonable restraint."); *see also Manitowoc Co.*, 379 Wis. 2d at 211–12, 906 N.W.2d at 141. In other words, it does not matter how the Non-Solicitation Clause fares "as applied"; what matters is whether "the non-solicitation of employees provision is overbroad on its face." *Manitowoc Co.*, 379 Wis. 2d at 219, 906 N.W.2d at 144.

The Court thus must look at the provision at issue as drafted, considering its entire potential reach given its language, and not merely the more limited reach that would be required for the provision to apply in the particular case at hand. *See id.* (approving of the focus of the court below upon "the extensive reach of the language of the nonsolicitation of employees provision"). This truism is vital to the analysis of the prerequisites in this case, for multiple reasons. First, Defendant does not even address the relevant consideration—the Non-Solicitation Clause as drafted—instead unwisely placing all of its eggs in the "as applied" basket. (Doc. No. 111 at 4). Second, the Non-Solicitation Clause unquestionably fares much worse when it is subject *as written* to these prerequisites than it would fare if its *mere application under the facts of this case* were subjected to these prerequisites. Perhaps Defendant could gain some traction if the Court could ask whether the requirements are satisfied considering that, for example, Plaintiff undisputedly (a) was still employed when committing the alleged solicitation and (b) was not soliciting Defendant's employees to resign to recruit them for another employer. But the Court cannot do so. Instead, the Court must assess the five requirements in light of the reality that undisputedly the Non-Solicitation Clause by its terms was applicable (a) for two years past the termination of Plaintiff's employment with Defendant and (b) to the solicitation of resignation of Defendant's employees irrespective of Plaintiff's reason for such solicitation.

13

With this in mind, the Court concludes that at least the first three, and probably the other, prerequisites could not have been satisfied even if Defendant had properly attempted to satisfy them.

As to the first prerequisite, although Defendant may have a protectible interest in preventing a high-level executive like Plaintiff from soliciting employee resignations while such executive is still employed with Defendant, that is not enough. Although Plaintiff's alleged solicitation occurred while he was employed by Defendant and without any intent to raid Defendant's employees for the benefit of a competitor of Defendant, the Non-Solicitation Clause was much broader in scope. It covered a two-year period after termination of Plaintiff's employment and obviously would have applied, without geographical limitation, to solicitation of resignation for the purpose of recruiting employees (*all* employees) of Defendant over to a competitor of Defendant. *Manitowoc Co.* is clear that under Wisconsin law, an employer does not have a legitimate protectible interest in this kind of geographically limitless, two-year post-employment prohibition on the solicitation of the employer's employees. 379 Wis. 2d at 213–20, 906 N.W.2d at 141–45.

Based on the above, the Court also concludes that the Non-Solicitation Clause does not have a reasonable time limitation as required by the second prerequisite. True, *Manitowoc Co.* expressly addressed only the first prerequisite. But it strongly implied that the time limitation involved in that case was unreasonable for the kind of restriction involved. The provision at issue in *Manitowoc Co.* provided that "during my Employment by Manitowoc and for a period of two years from the date my Employment by Manitowoc ends for any reason." 379 Wis. 2d at 202, 906 N.W.2d at 136. The time limitation in the Non-Solicitation Clause is identical for all relevant purposes. This limitation, the Court concludes, is not reasonable considering the restriction on

14

solicitation to which it applies, which is very similar to the restriction on solicitation at issue in *Manitowoc Co.*.

And the Non-Solicitation Clause prescribes *no* territorial limit. If there had previously been any doubt as to whether a court somehow could find a *reasonable* territorial limit where there is *no* territorial limit, *Manitowoc Co.* essentially put that doubt to rest. The case, strongly (and logically) implies that where there is no territorial restriction, there is no reasonable territorial restriction—an implied conclusion that not only diminishes the employer's ability to satisfy the first prerequisite (as in *Manitowoc Co.*, which addressed only the first prerequisite) but also dooms the employer's ability to satisfy the third prerequisite.

In short, Defendant could not have satisfied any of at least the first three prerequisites had it actually attempted to meet its burden to do so. Since Defendant's failure to satisfy any one of these three prerequisites is dispositive, the Court need not address the other two. *Manitowoc Co.*, 379 Wis. 2d at 219–20, 906 N.W.2d at 145 ("Because our conclusion as to the first prerequisite is dispositive, we need not and do not consider the other four prerequisites."). The Court holds that the Non-Solicitation Clause is unenforceable under Wisconsin law.

II. <u>Plaintiff did not waive his right to assert the unenforceability of the Non-Solicitation Clause.</u>

Defendant argues that the Court should not even have reached the issue it just resolved, because, according to it, Plaintiff waived the issue. (Doc. No. 109 at 2). That is, according to Defendant, Plaintiff waived the right to assert that the Non-Solicitation Clause was unenforceable. The Court disagrees.

Defendant correctly notes that a party can waive an argument by raising it either not at all or in only a perfunctory manner. (Doc. No. 109 at 6-7). Defendant further notes correctly that a party that fails to appeal an issue waives the right to raise the issue thereafter. (*Id.* at 7). But these

principles only apply to the extent that at a particular stage the party failed to raise, or failed to raise adequately, an issue that should have been raised by that stage.

To take two simple examples, imagine a plaintiff, in opposing a defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), asserting that the allegations in the complaint are sufficient to state a claim. If the plaintiff prevails, and later faces a defense summary judgment motion, the plaintiff of course is not deemed to have waived his argument that there exist genuine issues of material fact merely because he did not make that argument in response to the motion to dismiss. On the contrary, obviously there was no such waiver, because the plaintiff had no obligation (and indeed no proper occasion) to raise that argument at the motion-to-dismiss stage.

Then imagine that instead the plaintiff lost on the motion to dismiss but thereafter succeeded on appeal in obtaining reversal of the dismissal. Imagine that on remand, the plaintiff faces a defense summary judgment motion. In that instance, the plaintiff of course is not deemed to have waived his argument that there exist genuine issues of material fact merely because he did not make that argument on appeal. On the contrary, again, obviously there was no such waiver, because the plaintiff had no obligation (and indeed no proper occasion) to raise that argument at the motion-to-dismiss stage.

The same principle appears to apply here, and Defendant surely has not shown otherwise by explaining why, at any particular phase before the trial phase, it was incumbent upon Plaintiff to assert the unenforceability of the Non-Solicitation Clause. It may be that Plaintiff did not assert the unenforceability of the Non-Solicitation Clause in a non-perfunctory manner prior to the remand to this Court after the Sixth Circuit's reversal of the grant of summary judgment to Defendant. But Defendant has failed to explain, and the Court does not see, why Plaintiff had an obligation to do so. On this issue, the Court credits Plaintiff's argument to the effect that he had

16

no obligation to raise the issue prior to the trial phase—in the complaint, on appeal, or otherwise. (Doc. No. 112 at 5-7). And after remand, Plaintiff did raise this assertion in the Joint Proposed Pretrial Order (Doc. No. 82) in advance of the prior bench trial, and in fact introduced evidence in support of this assertion (without objection) at that trial. That being so, the Court cannot conclude that Plaintiff is barred from making the assertion now; and even if it did have the discretion to do so, it would decline to do so because it sees no reason why the argument in favor of waiver is stronger than the argument against waiver under these circumstances.

For these reasons, the Court will not deem waived Plaintiff's argument that the Non-Solicitation Clause is unenforceable.

## CONCLUSION

The Court concludes that Plaintiff's assertion that the Non-Solicitation Clause is unenforceable is (a) correct; and (b) unwaived (and otherwise cognizable) at this stage, such that Plaintiff can use it to defeat Defendant's defense built on the Non-Solicitation Clause. Given how central this defense had heretofore been in this case, the effects of the Court's conclusion herein obviously are major. The Court's conclusion impacts how, when and for what purpose(s) the Court goes forward in this case, and it may counsel the Court and the parties to revisit the prior plan to complete the bench trial in part by recalling the two witnesses. The Court has its own preliminary thoughts about these issues, but it has formed no final opinion and wishes to hear the views of the parties. Accordingly, by October 23, counsel for the parties shall: (a) confer with one another about the issues that remain to be decided, when they should be decided, and how they should be decided; and (b) file a joint notice to the Court setting forth any mutually agreed recommendations they have on these issues and, to the extent they do not mutually agree, their respective differing views.

17

Case 3:17-cv-00723   Document 113   Filed 10/13/20   Page 17 of 18 PageID #: 1985

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

18