UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK L. SLINGER,<br><br>    Plaintiff,<br><br>v.<br><br>THE PENDAFORM COMPANY,<br><br>    Defendant. | Case No. 3:17-cv-00723<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This matter has been referred to the Magistrate Judge "(i) to resolve [Plaintiff Jack L. Slinger's motion for leave to file certain attorney billing records under seal for in camera review (Doc. No. 190)]; and (ii) make a recommendation as to the hours of the Puryear Law Group for which attorney's fees may be awarded to Plaintiff, and to make any additional recommendations as to an award of attorney's fees, expenses, and/or prejudgment interest that she in her discretion believes appropriate to make." (Doc. No. 191.) The Magistrate Judge granted Slinger's motion in part by prior order. (Doc. No. 193.) For the following reasons, the Magistrate Judge will recommend that the Puryear Law Group be awarded fees for the 462.8 hours of attorney time and $551.12 in expenses as supported by the Declaration of Daniel H. Puryear (Doc. No. 186) and that the Court grant in full the remainder of the attorney fees and expenses requested in Slinger's Supplement to Plaintiff's Request for Attorneys' Fees and Prejudgment Interest (Doc. No. 184).

I.      Background

A detailed recitation of the lengthy history of this action is not required to resolve the issues addressed by this Report and Recommendation, and the Magistrate Judge includes only the relevant procedural background.

Following a remand of this action from the Sixth Circuit (Doc. No. 175), the Court announced its intent to enter judgment "in the same amounts reflected in the prior judgment in this case (Doc. No. 132)." (Doc. No. 183.) However, the Court held open the possibility of "an increase in the amount for prejudgment interest based on the lapse of time between the original judgment . . . and the present day." (*Id.*) The Court therefore ordered the parties to "submit either separate proposals or a joint proposal for the figure for prejudgment interest to include in the anticipated judgment." (*Id.*)

In response, Slinger provided a revised calculation of prejudgment interest and also "requested specifically an award of an additional $217,895.17 in attorney's fees and expenses," comprised of the fees of the Puryear Law Group and K&L Gates LLP. (*Id.*; Doc. No. 184.) Slinger's request was supported by declarations from K&L Gates attorney Joseph F .Welborn, III, and Puryear Law Group attorney Daniel H. Puryear. (Doc. Nos. 185, 186.) The invoices submitted as an exhibit to Puryear's declaration included "redactions that Mr. Puryear asserted were necessary to preserve protections under the attorney-client privilege and work-product doctrine." (Doc. No. 183.)

Defendant The Pendaform Company "[did] not contest the prejudgment interest calculation presented by [Slinger]" or "the reasonableness of the rates charged by Puryear Law Group as set forth in the Declaration of Daniel Puryear." (Doc. No. 189.) However, Pendaform stated that it "[could] not agree that the number of hours expended by the Puryear Law Group is reasonable and necessary simply because the invoices are so heavily redacted that [Pendaform] cannot evaluate

the reasonableness of the time expended." (*Id.*) Pendaform thus asked the Court to "refer this issue to the Magistrate Judge, require counsel to provide the Magistrate Judge with unredacted invoices, and direct the Magistrate Judge to assess the reasonableness of the hours expended." (*Id.*) Slinger then moved to provide the records for in camera review. (Doc. No. 190.)

After Judge Richardson referred this matter to the Magistrate Judge for that limited purpose (Doc. No. 191), the Magistrate Judge held a telephone conference with counsel for the parties to address the proposed in camera review. The Magistrate Judge then granted Slinger's motion to provide the subject invoices for in camera review (Doc. No. 193), and Slinger provided the unredacted documents via ex parte email.

## II. Legal Standard

"In diversity cases, attorneys' fees are governed by state law." *Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011). The parties agree that Wisconsin law governs their contract, *Slinger v. Pendaform Co.*, Case No. 21-5276, 2022 WL 2133745, at *2 (6th Cir. June 14, 2022), and the Court applied Wisconsin law in its earlier opinion addressing attorney's fees (Doc. No. 67). The Magistrate Judge therefore applies Wisconsin law in evaluating the reasonableness of the requested fee award here.

To determine the reasonableness of an attorney's fee award under Wisconsin law, a court considers factors articulated in Wisconsin Supreme Court Rule 20:1.5. Those factors are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

3

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

WI SCR Ch. 20 SCR 20:1.5.

The Wisconsin Court of Appeals has summarized this rule to direct the court's consideration of "the amount and type of services rendered, the labor, time and trouble involved, the character and importance of the litigation, the professional skill and experience called for, the standing of the attorney, the general ability of the client to pay and the pecuniary benefit derived." *Pierce v. Norwick*, 202 Wis. 2d 587, 597 (Ct. App. 1996). The party requesting the fee award has the burden to prove that the requested fees are reasonable. *Standard Theatres, Inc. v. DOT*, 118 Wis.2d 730, 748, 349 N.W.2d 661, 671 (1984). The trial court's determination of a fee award is reviewed for abuse of discretion. *Id.*

### III. Analysis

Again, Pendaform "does not contest the reasonableness of the rates" or "the staffing of the work" documented by Slinger's counsel. (Doc. No. 189.) It does not raise any objection to the hours documented Welborn's declaration. (Doc. No. 185.) Its filing addresses only "whether [Slinger] has carried the burden of showing the number of hours billed [by the Puryear Law Group] is 'reasonable and not excessive.'" (*Id.*) Specifically, Pendaform questions whether the Puryear Law Group's attorneys have met their "'obligation to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended.'" (*Id.* (quoting *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014).) Pendaform identifies as examples underlying its concern three partially redacted entries that it terms "block

billing" and five other entries in which redactions prevent it from determining the nature of the work and, thus, the reasonableness of the time expended. (*Id.*)

The Magistrate Judge has reviewed the unredacted billing invoices in full and makes the following findings:

First, the redactions Slinger's counsel made in the publicly filed invoices are appropriate. Each redacted portion of a billing entry protects information that would, if published, reveal "'confidential communications made for the purpose of facilitating the rendition of professional legal services to the client'" or the attorney's preparation in anticipation of litigation. *Lane v. Sharp Packaging Sys., Inc.*, 251 Wis. 2d 68, 89, 118 (Wisc. 2002) (quoting Wis. Stat. § 905.03(2)), Thus, the redactions are necessary protections of attorney-client privileged information or information protected by the work-product doctrine. Further, the redactions are narrowly targeted to prevent disclosure only of such confidential information.

Second, the unredacted billing entries are sufficiently detailed for the Magistrate Judge to determine the reasonableness of the documented hours. Indeed, it is because the records contain such specific detail that they are appropriately redacted. And the unredacted billing entries reflect time spent on research, drafting, client communication, and investigation that is appropriate to the final stages of this protracted and legally complex case. To the extent Pendaform argues that block billing in the records prevents a determination of the reasonableness of time spent on a particular task, that argument is unpersuasive. The Magistrate Judge has not been able to identify any decision under Wisconsin law in which a fee award has been reduced or rejected because of block billing. The persuasive authority of decisions by Wisconsin's federal courts directs that courts may accept block billing where such entries reflect "generally represent related tasks" for which fees may be awarded. *Farfaras v. Citizens Bank and Tr. of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006)

(holding block billing is "not a prohibited practice"). *See also Jimenez v. Illini Precast LLC*, No. 19-CV-1623-JPS, 2023 WL 1777528, at *6 (E.D. Wis. Feb. 6, 2023) (declining to reduce fee award based on block billing objection); *Alberth v. S. Lakes Plumbing & Heating*, No. 19-CV-62, 2021 WL 2779038, at *5 (E.D. Wis. July 2, 2021) (same). The Magistrate Judge finds that the unredacted records that may be considered block billing are acceptable under these standards.

Finally, the Magistrate Judge must "make a recommendation as to the hours of the Puryear Law Group for which Attorney's fees may be awarded to Plaintiff, and to make any additional recommendations as to an award of attorney's fees, expenses, and/or prejudgment interest that she in her discretion believes appropriate to make." (Doc. No. 191.) The Magistrate Judge does so from an unusual procedural posture. Pendaform has asked the Magistrate Judge "to assess the reasonableness of the hours expended" by Slinger's counsel but has not raised any particular objection to the number of hours claimed in the unredacted entries or raised a particular concern about the reasonableness of the partially redacted entries. (Doc. No. 189.) Although the Magistrate Judge understands that Pendaform was hindered in making such arguments by the redactions, the Magistrate Judge estimates that fewer than half of the time entries are significantly redacted. And, as Pendaform observed, the invoices are "more or less the same." (Doc. No. 189.) Thus, Pendaform had a substantial body of unredacted information from which it could have identified and argued unreasonableness in the time entries or identified particular concerns regarding the redacted entries. It did not.

Thus, having reviewed the Puryear Declaration's supporting invoices in full, and in the absence of specific argument otherwise, the Magistrate Judge finds in her discretion that the number of hours for which the Puryear Law Group requests compensation is reasonable and recommends that the fee award be granted in full.

## IV. Recommendation

The Magistrate Judge RECOMMENDS that recommend that the Puryear Law Group be awarded fees for the 462.8 hours of attorney time and $551.12 in expenses as supported by the Declaration of Daniel H. Puryear (Doc. No. 186) and that the Court grant in full the remainder of the attorney fees and expenses requested in Slinger's Supplement to Plaintiff's Request for Attorneys' Fees and Prejudgment Interest (Doc. No. 184). The Magistrate Judge makes no recommendation as to the amount of prejudgment interest to be awarded because the amount requested by Slinger is not contested.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 2nd day of January, 2026.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge