IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK L. SLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:17-cv-00723 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| THE PENDAFORM COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 197, "R&R") of the Magistrate Judge, which recommends that "the Puryear Law Group be awarded fees for the 462.8 hours of attorney time and $551.12 in expenses as supported by the Declaration of Daniel H. Puryear (Doc. No. 186) and that the Court grant in full the remainder of the attorney fees and expenses requested in [the] Supplement to Plaintiff's Request for Attorneys' Fees and Prejudgment

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

Interest (Doc. No. 184)" filed by Plaintiff, Jack Slinger. (Doc. No. 197 at 7).[2] No objections to the R&R have been filed and the time for filing objections has now expired.[3]

Absent any objection to the background section (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety and includes it here for reference.

> A detailed recitation of the lengthy history of this action is not required to resolve the issues addressed by this Report and Recommendation, and the Magistrate Judge includes only the relevant procedural background.
>
> Following a remand of this action from the Sixth Circuit (Doc. No. 175), the Court announced its intent to enter judgment "in the same amounts reflected in the prior judgment in this case (Doc. No. 132)." (Doc. No. 183.) However, the Court held open the possibility of "an increase in the amount for prejudgment interest based on the lapse of time between the original judgment . . . and the present day." (*Id.*) The Court therefore ordered the parties to "submit either separate proposals or a joint proposal for the figure for prejudgment interest to include in the anticipated judgment." (*Id.*)
>
> In response, Slinger provided a revised calculation of prejudgment interest and also "requested specifically an award of an additional $217,895.17 in attorney's fees and expenses," comprised of the fees of the Puryear Law Group and K&L Gates LLP. (*Id.*; Doc. No. 184.) Slinger's request was supported by declarations from K&L Gates attorney Joseph F. Welborn, III, and Puryear Law Group attorney

---

[2] As relevant here, the Court referred this matter to the Magistrate Judge, in part, to "make a recommendation as to the hours of the Puryear Law Group for which attorney's fees may be awarded to Plaintiff, and to make any additional recommendations as to an award of attorney's fees, expenses, and/or prejudgment interest that she in her discretion believes appropriate to make." (Doc. No. 191 at 3). Typically, the review of the reports and recommendations of magistrate judges regarding attorney's fees (or damages generally) is governed by Fed. R. Civ. P. 72(b). *See e.g., Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1160 (N.D. Cal. 2012) (treating the review of a report and recommendation of a magistrate judge on a motion for attorney's fees as governed by Rule 72(b)); *Winning v. Comm'r of Soc. Sec.*, No. 5:07-CV-03688, 2010 WL 3222031, at *2 (N.D. Ohio Aug. 13, 2010) (reviewing the report and recommendation of a magistrate judge regarding attorney's fees under the EAJA under Rule 72(b)); *Baldwin v. Golfsouth Mgmt., Inc.*, No. 1:02-CV-00875, 2004 WL 1459392, at *1 (M.D.N.C. June 25, 2004) (referring the issue of damages after default judgment against defendants to magistrate judge and noting that the magistrate judge "shall file a" report and recommendation as to damages "for review under Rule 72(b)."). Thus, the Court has little difficulty in concluding that its review of the R&R is governed by Rule 72(b).

[3] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. The R&R was filed on January 1, 2026. As of January 23, 2026, no party has filed any objections.

> Daniel H. Puryear. (Doc. Nos. 185, 186.) The invoices submitted as an exhibit to Puryear's declaration included "redactions that Mr. Puryear asserted were necessary to preserve protections under the attorney-client privilege and work-product doctrine." (Doc. No. 183.)
>
> Defendant The Pendaform Company "[did] not contest the prejudgment interest calculation presented by [Slinger]" or "the reasonableness of the rates charged by Puryear Law Group as set forth in the Declaration of Daniel Puryear." (Doc. No. 189.) However, Pendaform stated that it "[could] not agree that the number of hours expended by the Puryear Law Group is reasonable and necessary simply because the invoices are so heavily redacted that [Pendaform] cannot evaluate the reasonableness of the time expended." (*Id.*) Pendaform thus asked the Court to "refer this issue to the Magistrate Judge, require counsel to provide the Magistrate Judge with unredacted invoices, and direct the Magistrate Judge to assess the reasonableness of the hours expended." (*Id.*) Slinger then moved to provide the records for in camera review. (Doc. No. 190.)
>
> After Judge Richardson referred this matter to the Magistrate Judge for that limited purpose (Doc. No. 191), the Magistrate Judge held a telephone conference with counsel for the parties to address the proposed in camera review. The Magistrate Judge then granted Slinger's motion to provide the subject invoices for in camera review (Doc. No. 193), and Slinger provided the unredacted documents via ex parte email.

(Doc. No. 197 at 2-3) (footnotes omitted). The Magistrate Judge recommended, as noted above, that "the Puryear Law Group be awarded fees for the 462.8 hours of attorney time and $551.12 in expenses as supported by the Declaration of Daniel H. Puryear (Doc. No. 186) and that the Court grant in full the remainder of the attorney fees and expenses requested in [Plaintiff's] Supplement to Plaintiff's Request for Attorneys' Fees and Prejudgment Interest (Doc. No. 184)." (Doc. No. 197 at 7).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

Under Fed. R. Civ. P. 72(b), when a magistrate judge issues a report and recommendation, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify

the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at *1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 197) is adopted and approved in its entirety. Accordingly, the Puryear Law Group is awarded fees for the 462.8 hours of attorney time and $551.12 in expenses as supported by the "Declaration of Daniel H. Puryear" (Doc. No. 186) and the Court grants in full the remainder of the attorney fees and expenses requested in Plaintiff's "Supplement to Plaintiff's Request for Attorneys' Fees and Prejudgment Interest" (Doc. No. 184).[4]

---

[4] The Court is aware that Plaintiff has filed a further supplement (Doc. No. 199) requesting additional attorney's fees and prejudgment interest. The Court does not consider this request herein but will consider it when appropriate (and after opportunity for Defendant, the PendaForm Company, to respond to the supplement).

Because Plaintiff has filed a further supplement requesting additional fees and prejudgment interest, the Court declines to enter judgment and close the file at this time. Once the Court has considered Plaintiff's additional request for fees and prejudgment interest in his supplement at Docket No. 199, it will enter judgment in this action and close the file, absent additional filings or requests by the parties. Given the age of this case, the Court's expectation is that it will do so promptly.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE